UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

In re:

JARED PATRICK COCHRAN,                           Case No.: 08-14245

Debtor.

### ORDER SUSTAINING THE TRUSTEE'S OBJECTION AND DISALLOWING THE DEBTOR'S HOMESTEAD EXEMPTION CLAIM

Michael B. Smith, attorney for the Debtor, Mobile, AL
Jeffery J. Hartley, attorney for the Chapter 13 Trustee, John C. McAleer, III, Mobile, AL

Before the Court is the Trustee's objection to the homestead exemption claimed by the Debtor. The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I), and the Court has authority to enter a final order. For the reasons indicated below, the Court sustains the Trustee's objection and disallows the Debtor's claimed homestead exemption.

### FACTS

The Debtor filed a chapter 7 case on October 30, 2008. At the time of filing, the Debtor owned property at 6933 Carson Lane, Spanish Fort, AL 36527 ("the property"). He also claimed a $5,000 homestead exemption for the property pursuant to ALA. CODE §§ 6-10-2, 6-10-4 (1975). The Trustee filed an objection to the claimed homestead exemption for the property alleging that it was not the Debtor's homestead. On February 11, 2009, a hearing was held on the Trustee's objection.

At the hearing, the Debtor testified that he owned the property listed on his schedules, but he did not reside there at the time of his bankruptcy filing, nor at the time of the hearing. Instead,

1

he was living in a home owned by his parents.[1]  The Debtor stated he could not afford to live in the property and pay the monthly note, so he was renting the property in order to pay the monthly mortgage note.  However, the Debtor expressed his intent to move back into the home as soon as he thought he could confidently make the monthly payments without the assistance of rental income.  The Debtor believed he would be occupying the property by September of 2009.

**LAW**

The Trustee, as the objecting party, has the initial burden of proving by a preponderance of the evidence that the homestead exemption is not properly claimed.  Fed. R. Bankr. P. 4003(c); *In re Holt*, 357 B.R. 917 (Bankr. M.D. Ga. 2006).  The burden then shifts to the Debtor to prove by presenting "'unequivocal evidence that the exemption is proper,' but the burden of persuasion always remains with the objector" *Id.* at 921 (citing *In re Carter*, 182 F.3d 1027 (9th Cir. 1999).

> Alabama's homestead exemption law provides that:
>
> The homestead of every resident of this state, with the improvements and appurtenances, not to exceed in value $5,000 and in area 160 acres, shall be, to the extent of any interest he or she may have there, whether a fee or less estate or whether held in common or in severalty, exempt from levy and sale under execution or other process for the collection of debts during his or her life.

ALA. CODE § 6-10-2 (1975).  The purpose of the homestead exemption has long been held to "secure to the resident and his family a home and a shelter, of which they cannot be deprived by the visitations of adversity, or by the demands of creditors." *Miller v. Marx*, 55 Ala. 322, 1876 WL 1161, *6 (Ala. 1876).  Beyond ownership of a homestead, the necessity of occupying the

---

[1] The Debtor testified that his parents were allowing him to reside in their home, but would like him to move out so that they could use the property.

residence as one's homestead is also a longstanding rule of the courts. The Alabama Supreme Court has held that

> to constitute a valid claim of homestead, there must be an occupancy in fact, or a clearly defined intention of present residence and actual occupation, delayed only by the time necessary to effect removal, or to complete needed repairs, or a dwelling-house in process of construction. An undefined, floating intention to build or occupy at some future time is not enough. And this intention must not be a secret, uncommunicated purpose. It must be shown by acts of preparation of visible character, or by something equivalent to this.

*Blum v. Carter*, 63 Ala. 235, 1879 WL 993, *4 (Ala. 1879)(citations omitted).

A debtor's hope and belief that he would occupy a jointly owned home by reconciling with his estranged wife was insufficient intent to establish a homestead exemption claim. *In re Simmons*, 308 B.R. 559 (Bankr. M.D. Ala. 2004). There was also insufficient intent found to establish a homestead exemption claim where the owner hauled lumber onto land with the stated purpose of building a home there. *Blum v. Carter*, 63 Ala. 235 (Ala. 1879). "The [homestead] exemption is surrendered and lost when the owner ceases to occupy [the home]." *Miller v. Marx*, 55 Ala. 322, 1876 WL 1161, *11. However, there are some exceptions to this rule.

Focusing on the owner's usage of the property, courts have held there to be a valid homestead exemption for contiguous property when it is used in conjunction with the occupancy of one's homestead. *In re Marcus*, 2009 WL 292762 (Bankr. M.D. Ala. 2009)(The debtor inherited property next to her homestead that she jointly owned with other heirs. "She use[d] the property for gardening, recreation, and to park vehicles"); *In re Hughes*, 306 B.R. 683 (Bankr. M.D. Ala. 2004). Intent to occupy was sufficient to establish a homestead exemption claim where the debtor had moved from his old home, placed some furniture into the newly purchased home, and was temporarily residing elsewhere until necessary repairs on the new home were

3

completed. *Neal v. Coe*, 35 Iowa 407.

While the Debtor's stated intention in this case exhibits a stronger possibility than the *Simmon's* debtor's intent who needed to reconcile with his estranged wife before occupation of the home was possible, he still does not fit into the exceptions laid out by state courts. The Debtor is not personally using or occupying the property in any way. The Debtor testified that the property is currently being rented so that he can afford to make the monthly mortgage payments on the property. He stated that by September 2009 he planned to be back in the house, but there were no "acts of preparation of visible character" detailed to support this claim. Once the Trustee proved that Cochran was not occupying his alleged homestead at present, Cochran needed to provide evidence that his intent to occupy the home was a real present intent. Offering proof of a debtor's desire or plan without concrete evidence of a firm plan to move into the home does not establish "unequivocal evidence that the exemption is proper."

The Debtor filed his bankruptcy case in October of 2008. At that time he was not occupying the property and to date he is not occupying the property. There are no specified criteria (such as repairs being completed, a date where the renter's lease would terminate, a firm date by which the debtor must leave his parents' property where he currently resides) that must occur before the Debtor "intends" to occupy the property. Instead, the Debtor is merely hopeful that he can soon return to and reside at the property. "Intent without occupancy does not create the homestead right." *In re Simmons*, 308 B.R. 559, 562 (Bankr. M.D. Ala. 2004).

FOR THESE REASONS, the Trustee's objection is SUSTAINED and the Debtor's homestead exemption claim is DISALLOWED.

Dated: March 9, 2009

*Margaret A. Mahoney*
MARGARET A. MAHONEY
U.S. BANKRUPTCY JUDGE